Lee **DAVENPORT,** Appellee,

v.

**CITY OF ALEXANDRIA, VIRGINIA; Charles Strobel, Chief of Police; Douglas Harman, City Manager,** Appellants.

No. 83–2222.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 29, 1984.

Decided Nov. 6, 1984.

---

Barbara P. Beach, Asst. City Atty. of the City of Alexandria, Va. (Abbe David Lowell, Stanley M. Brand, Brand, Lowell & Dole, Washington, D.C., on brief), for appellants.

Victor M. Glasberg; Kenneth E. Labowitz (Alan L. Cohen, Alexandria, Va., on brief), for appellee.

Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and BUTZNER, Senior Circuit Judge.

SPROUSE, Circuit Judge:

This appeal brings before this court for the third time Lee Davenport's quest to perform and exhibit his bagpipes on the sidewalks of the central business district of Alexandria, Virginia. The City of Alexandria now appeals the district court's ruling on remand for particularized fact-finding that the ordinance Davenport challenges violates the first amendment. We affirm. The facts of the case are set out at length in the *en banc* opinion of this court, *Daven-*

*port v. City of Alexandria*, 710 F.2d 148 (4th Cir.1983), rehearing of 683 F.2d 853 (4th Cir.1982), which remanded the case to the district court for further findings, and in the district court's opinion on remand, *Davenport v. City of Alexandria*, No. 81–709–A (E.D.Va. Nov. 16, 1983). A brief review of the procedural history and summary of the district court's findings on remand will suffice for purposes of this appeal.

Davenport filed his complaint in the district court for the Eastern District of Virginia attacking Ordinance No. 2609 of the City of Alexandria, which prohibits performances and exhibitions on the sidewalks, walkways, or other public property of the central business district of Alexandria and which created a scheme requiring city permits prior to performances in eight parks and plazas of the central business district. He contended that these restrictions on the first amendment right to free expression were facially unconstitutional and unconstitutional as applied to his efforts to perform, exhibit, and lecture on the bagpipes. The district court, after the first bench trial, enjoined the City from enforcing the ordinance, holding that the ban on sidewalk performances was an overbroad speech restriction, and that the permit scheme was a prior restraint that gave unbounded discretion to city officials. On appeal by the City a panel of this court reversed, holding the sidewalk ban to be a reasonable time, place, and manner restriction, and the permit scheme to be constitutional because its first-come, first-served issuance provision denies City officials any discretion. Davenport successfully petitioned for rehearing *en banc*, and this court upheld the permit scheme but remanded to the district court with instructions to make specific factual findings on whether the sidewalk ban was drawn so as to place the narrowest possible restriction on free expression consistent with effectuating the City's compelling interest in public safety.

On remand, the district court permitted additional discovery and held an evidentia-

ry hearing to consider "whether the manner of expression is basically incompatible with the normal activity of a particular place at a particular time." *Grayned v. City of Rockford,* 408 U.S. 104, 116, 92 S.Ct. 2294, 2303, 33 L.Ed.2d 222 (1972). The court heard evidence and made findings on various factors related to the specific blocks covered by the ordinance: the rate of pedestrian traffic, the working population of office buildings, the volume of vehicular traffic, the availability of vehicular parking, the typical characteristics and historical pattern of audiences for street performances, the composition of the area as to businesses, residences, and public buildings, the width of sidewalks, the incidence of pedestrian congestion at various times, the projected development of the district, and the availability of alternative forums for expression or alternative means of regulating traffic flow. *See Hickory Fire Fighters Ass'n v. City of Hickory,* 656 F.2d 917, 924 (4th Cir.1981). On the basis of these findings, the court concluded that "the total ban of street performers from public sidewalks throughout the [central business district] and for all hours is much more broad than is necessary to satisfy any interest in public safety the city has" and that "there has been shown no safety interest substantial enough to outweigh the plaintiff's First Amendment interests." *Davenport,* No. 81–709–A (E.D.Va. Nov. 16, 1983). Because of the impermissible overbreadth of the restriction and the lack of acceptable alternative forums for expression, the district court again found the challenged part of Ordinance No. 2609 unconstitutional.

On this appeal, the City contends that the district court's legal conclusions were erroneous; that it erred in evidentiary rulings and in factual findings; and that the court abused its discretion in awarding attorney fees against the City. In our opinion, the district court was not clearly erroneous in its findings of facts and committed no reversible error in the rulings objected to or in determining the unconstitutionality of the ordinance. *Davenport,* 710 F.2d at 151; *see Schad v. Borough of*

*Mount Ephraim,* 452 U.S. 61, 68–71, 101 S.Ct. 2176, 2182–84, 68 L.Ed.2d 671 (1981); *Grayned,* 408 U.S. at 116, 92 S.Ct. at 2303. Likewise we find that the district court did not abuse its discretion in its award of attorney fees. *Blum v. Stenson,* —— U.S. ——, ——, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891, 900 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1940–42, 76 L.Ed.2d 40 (1983).

AFFIRMED.